# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCRIBER, et al., *individually and on behalf all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 22-cv-1716-MMA-MMP<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND AND FOR INDICATIVE RULING**<br><br>[Doc. No. 32] |

Plaintiffs Michael Scriber, Stacy Powell, Doug Harrigan, and Susan Wisner Phillips (collectively, "Plaintiffs") bring this putative class action against Ford Motor Company ("Ford"). On November 7, 2023, the Court denied Ford's motion to compel arbitration, Doc. No. 27, and on December 1, 2023, Ford filed a Notice of Appeal, Doc. No. 28, USCA Case No. 23-3966. Plaintiffs have since filed a motion seeking leave to amend and asking the Court to issue an indicative ruling. Doc. No. 32. Ford filed a response in opposition to the motion, to which Plaintiffs replied. Doc. Nos. 39, 40. The Court found this motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1 and Federal Rule of Civil Procedure 78(b). Doc. No. 35. For the reasons set forth below, the Court **DENIES** the motion.

## I. Background

Plaintiffs are owners of Ford vehicles. Doc. No. 20 ("Second Amended Complaint" or "SAC") ¶¶ 6, 11, 16. Generally speaking, they allege that Ford continued to manufacture and sell vehicles with a 3G modem despite being aware as early as 2019 that that AT&T intended to phase out the 3G network in 2022. *See, e.g.*, *id.* ¶¶ 2, 31. As a result, Plaintiffs contend they lost access to various features when the 3G modem in their vehicles stopped working. *Id.* ¶¶ 2, 8, 13, 20, 25. Plaintiffs plead the following claims: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and (5) fraudulent omission.

On June 29, 2023, Ford filed a motion to compel arbitration. Doc. No. 21. Ford's motion was based on arbitration provisions in three categories of agreements: the Sale Contracts, the Lease Agreements, and the "Connected Services" Agreements. The Court denied Ford's motion in its entirety, Doc. No. 27, and the Court incorporates that order by reference here. As to the Sale Contracts, the Court found that while Plaintiffs "unambiguously plead an agency relationship," *id.* at 7, between Ford and the dealerships "in a perfunctory manner," *id.* at 10, Ford failed to demonstrate that the dealerships were acting as Ford's agents when they sold the vehicles and entered into the Sale Contracts, *id.* at 11. The Court also found that Ford could not compel arbitration under the Sale Contracts under the theory of equitable estoppel. *Id.* at 13. Turning to the Lease Agreements, the Court found that Ford's agency and equitable estoppel theories failed for the same reasons, and further rejected Ford's argument that it was a third-party beneficiary under these agreements. *Id.* at 15–17. Finally, the Court found that the Connected Services Agreements did not contain a mandatory and binding arbitration clause under Michigan law. *Id.* at 21.

Ford has appealed from the Court's denial of its motion to compel arbitration. USCA No. 23-3966.

## II. D<small>ISCUSSION</small>

"The filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). This rule, sometimes referred to as the *Griggs* principle, "promote[s] judicial economy and avoid[s] the confusion that would ensue from having the same issues before two courts simultaneously." *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, "[t]he principle of exclusive appellate jurisdiction is not . . . absolute." *Id*. Rather, the trial court retains the inherent power "during the pendency of an appeal to act to preserve the status quo," *id.*, "and to ensure the effectiveness of the eventual judgment," *Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904, at 315 (1973)).

Here, Plaintiffs do not ask the Court to preserve the status quo. And as the Supreme Court has explained, when the denial of a motion to compel arbitration under the Federal Arbitration Act is appealed, "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (internal quotation marks and citation omitted). Thus, pursuant to the *Griggs* principle, as applied and discussed in *Coinbase*, these proceedings are stayed, and the Court lacks the authority to issue an order concerning any matter "involved in the appeal," *Griggs*, 459 U.S. at 58, which here means "the entire case[, ] essentially," *Coinbase*, 599 U.S. at 741. More specifically, the Court finds that because the precise matter involved in the appeal is whether the claims in Plaintiffs' Second Amended Complaint are subject to arbitration based upon the applicable law, agreements, and allegations in Plaintiffs' pleading, the Court lacks the ability to grant Plaintiffs leave to file a Third Amended Complaint.

Seemingly recognizing that the Court lacks the present ability to grant leave to amend, Plaintiffs ask the Court to issue an indicative ruling pursuant to Federal Rule of Civil Procedure[1] 62.1.  Rule 62.1 provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).  The corresponding Federal Rule of Appellate Procedure provides that "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. Fed. R. App. P. 12.1(b).  "A district court's decision to make an indicative ruling is discretionary." *Silbersher v. Allergan Inc.*, No. 18-cv-03018-JCS, 2024 U.S. Dist. LEXIS 83249, at *14 (N.D. Cal. May 7, 2024) (citation omitted).

Here, Plaintiffs ask the Court to issue an indicative ruling that it would grant Plaintiffs' motion for leave to amend.  Doc. No. 32-1 at 6.  Plaintiffs primarily argue that amendment is appropriate under Rule 15.  *See generally* Doc. No. 32-1.  They submit to the Court for consideration their proposed Third Amended Complaint.  Doc. No. 32-2.  A review of the redline version, comparing the Second and Third Amended Complaints, reveals only one substantive alteration: Plaintiffs have removed the first sentence of paragraph 70, which reads "Plaintiffs and the other Class members had sufficient direct dealings with Defendant and its agents (dealers) to establish privity of contract between themselves and Defendant. As alleged *supra*, Plaintiffs purchased their Class Vehicles

---

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

from Ford dealerships, agents of Ford." Doc. No. 32-3 at 17. According to Plaintiffs, Ford relies on this agency allegation in arguing on appeal that the Court erroneously determined the dealerships did not act as Ford's agents. Doc. No. 32-1 at 7.

Ford opposes the motion on various grounds. *See* Doc. No. 39. As an initial matter, the Court is not persuaded by Ford's argument that Rule 62.1 does not apply to motions for leave to amend. *Id.* at 3. Although Rule 62.1 arose from the practice of handling Rule 60(b) motions to vacate orders already appealed, the rule plainly applies to "any motion." Fed. R. Civ. P. 62.1 advisory committee's notes ("This new rule adopts *for any motion* that the district court can-not grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal.") (emphasis added). And here, Plaintiffs have filed a motion that the Court lacks the authority to rule on because of Ford's appeal. Plaintiffs' motion, thus, definitionally falls within the scope of Rule 62.1. And Ford's discussion of Plaintiffs' ability to seek amendment at the appellate level, *see* Doc. No. 39 at 3, has no bearing on how the Court should resolve the present situation. Plaintiffs have filed a motion that the Court cannot grant due to Ford's pending appeal. Thus, regardless of any avenues of relief at the appellate level, the Court must either deny Plaintiffs' motion, defer consideration, or issue an indicative ruling pursuant to Rule 62.1.

That said, the Court will exercise its discretion here and deny Plaintiffs' request for an indicative ruling. Accepting Plaintiffs' argument that removal of the agency allegation would render Ford's appeal moot seems to presume that this allegation is dispositive on the issue of Ford's agency with the dealerships, which the Court found not to be the case. Thus, by asking the Court to indicate to the Ninth Circuit that it would grant amendment in this respect, Plaintiffs essentially ask the Court to inform the Ninth Circuit that it believes its own ruling is incorrect and subject to reversal in the absence of amendment. *Cf. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013); *see also Silbersher*, 2024 U.S. Dist. LEXIS 83249, at *17–18. This hardly seems consistent with the purpose of Rule 62.1.

To that end, because the significance of Plaintiffs' singular agency allegation is precisely before the Ninth Circuit, an indicative ruling here would not promote judicial efficiency or fairness but would "only interrupt[] the appellate process." *Ret. Bd.*, 297 F.R.D. at 221; *Amarin Pharms. Ir., Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015); *Silbersher*, 2024 U.S. Dist. LEXIS 83249, at *19. Moreover, a review of Ford's opening brief reveals that the agency allegation issue is only one of four issues presented on appeal. Thus, issuing the requested indicative ruling, and assuming the Ninth Circuit remands for that purpose, would not meaningfully further the appeal or obviate its necessity. *Ret. Bd.*, 297 F.R.D. at 221; *Silbersher*, 2024 U.S. Dist. LEXIS 83249, at *19.

Therefore, the Court finds that an indicative ruling would neither obviate the need for Ford's appeal nor assist the Ninth Circuit with deciding the issues before it. Additionally, the Court finds that an indicative ruling would not promote judicial economy but would needlessly interfere with appellate jurisdiction. For these reasons, the Court **DENIES** Plaintiffs' motion.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' motion for an indicative ruling. This case remains **STAYED** pending resolution of Ford's appeal and the Court therefore **DENIES** Plaintiffs' motion for leave to amend without prejudice.

**IT IS SO ORDERED**.

Dated: June 4, 2024

HON. MICHAEL M. ANELLO
United States District Judge